# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

IN THE MATTER OF:

United States of America,

    Plaintiff,

v.

5.62 Acres of Land, More or Less, Situated in Santa Cruz County, State of Arizona; Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T, et al.,

    Defendants.

No. 4:13-CV-00198-TUC-DCB*
No. 4:13-CV-00441-TUC- DCB
No. 4: 13-CV-00443-TUC-DCB
No. 4: 13-CV-00480-TUC-DCB

**ORDER**

   This Order rules on motions *in limine* filed In CV 13-198 TUC DCB, which is one of four related condemnation proceedings involving what this Court refers to as the border-security towers project. The four cases have now all been transferred to this Court: *United States v. 5.62 Acres of Land (Landmark)*, CV 13-198 TUC DCB; *United States v. 0.96 Acres of Land (Martinez)*, CV 13-441 TUC DCB; *United States v. 2.83 Acres of Land (Carmencita)*, CV 13-443 TUC DCB; and *United States v. 0.41 Acres (Hanna),* CV 13-480 TUC DCB. The parties filed identical motions *in limine* in the four cases, which have been resolved in all the cases except this one. The takings in the four

cases are for public purposes related to the construction, installation, operation, and maintenance of border-security towers along with all necessary related structures and roads designed to help secure the United States border within the State of Arizona. (Complaint in Condemnation (Doc. 1) CV 13-198 TUC DCB)).  Two of the condemnation cases are to take land for the public purpose of building, maintaining and constructing border-security towers and related structures and roads, the Landmark and Carmencita cases, and two are for the purpose of securing a utility easement and constructing related roads, the Martinez and Hanna cases.  The Plaintiff is the United States in all four cases and is represented by the same attorney.  The Defendants, while different, are also all represented by the same attorney.

       This case, Landmark, is like the Carmencita case, CV 13-443 TUC DCB.  Prior to it being transferred here, the Honorable Rosemary Marquez issued an order addressing the motions *in limine* in the Carmencita case on February 25, 2016.  This case, which was then assigned to the Honorable James A. Soto, was referred to Magistrate Judge Macdonald, and he issued a Report and Recommendation (R&R) on February 4, 2016, addressing the motions *in limine*.  This Court has reviewed the Order issued in CV 13-443 TUC DCB, the R&R issued by Magistrate Judge Macdonald in this case, and the parties' objections to the R&R, which were informed by Judge Marquez' ruling in the Carmencita case.  *See* (D's Response to P's Motion to Modify in part and Adopt in part R&R (D's Objection) (Doc. 128) at 3-7 (comparing R&R with Carmencita ruling).

       This Court is persuaded by Judge Marquez' approach to the motions *in limine*.  Additionally, Judge Marquez' approach for the most part coincides with Judge Macdonald's recommendation that various objections go to the weight of the evidence and can be addressed by cross-examination, with limiting jury instructions at trial.  The Court adopts the law as discussed in CV 13-443 TUC DCB, which pursuant to the Fifth Amendment of the United States Constitution, ensures just compensation be provided to the owner of condemned property to put him in as good a pecuniary position as if his

property had not been taken but he is not entitled to more. (Order (Doc. 103): CV 13-443 TUC DCB).

Before addressing the four motions *in limine*, the Court considers the standard of review for Judge Macdonald's R&R. The duties of the district court in connection with a R&R by a magistrate judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to the R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The Defendant asserts that Rule 72(b), which applies to this Court's review of dispositive motions, does not apply because the motions *in limine* involve nondispositive matters and are governed by Rule 72(a). Under subsection a, this Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law," as compared to the *de novo* standard of review, when a magistrate judge issues a R&R. In both circumstances, the parties may file objections. Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections).

The Magistrate Judge treated the motions *in limine* as dispositive and issued a R&R, instead of an Order. Fed. R. Civ. P. 72 (compare subsections a (providing for

-3-

written order stating decision) and b (providing for recommended disposition)).

The court finds that by their conduct the parties intended these motions *in limine* to be treated like dispositive motions. In all four cases, the parties filed identical Joint Reports for purposes of the Rule 16 scheduling conferences. They agreed that the ultimate issue of just compensation is generally determined by the finder of fact and not subject to disposition by motion, but there may be motions directed at the claims related to the determination of just compensation. (Order (Doc. 19) ¶ 7: CV 13-198 TUC DCB); (Order (Doc. 14) ¶7: CV 13-441 TUC DCB); (Order (Doc. 18) ¶ 7: CV 13-443 TUC DCB; (Order (Doc. 18) ¶ 7: CV 13-480 TUC DCB).

Based on this assertion, three of the courts did not set a dispositive motion's case management deadline, but this Court issued a Scheduling Order setting a dispositive deadline of June 2, 2014, and a Pretrial Order deadline of June 14, 2014, to be extended if dispositive motions were filed for 30 days subsequent to the Court's disposition of the motion. ((Order (Doc. 17) ¶5: CV 13-480 TUC DCB). After two extensions, on February 23, 2015, the parties filed a stipulated motion for a third extension of the deadlines, and the Court reset the deadlines including a deadline of June 10, 2015, for filing dispositive motions. The parties filed the motions *in limine* on June 10, 2015. Later in response to inquiries from this Court's staff regarding the July 10, 2015, deadline for filing the Joint Pretrial Order, the parties jointly represented that they considered the motions *in limine* to be dispositive and would file the Joint Pretrial Order, accordingly.

The Court makes a *de novo* review of the issues raised by objection of the parties to the Magistrate Judge's R&R, which are: 1) listing and after sales; 2) lost profits; 3) non-compensable severance damages; and 4) impact opinions.

**I. Plaintiff seeks to Exclude Defendants' After Sales and Listings evidence.**

Plaintiff objects to the conclusion in the R&R that Mr. Sanders' expert report leaves the issue of whether he used listing in his valuation "unresolved." The Plaintiff cites to specific points in Mr. Sanders' report where he uses listings in his valuation.

-4-

(U.S. Objection (Doc. 122) at 7.)  Plaintiff's position coincides with Judge Marquez' conclusion, which this Court adopts.  The Court will allow the listings to be used by Mr. Sanders to come up with his opinion, but Defendant may not disclose evidence of particular listings or list prices to the jury.  *See* (Order (Doc. 103) at 6: CV 13-443 TUC DCB.)

As for "after sale" evidence, this Court agrees with Judge Marquez' conclusion that comparing vacant ranch lands in Southern Arizona, generally, instead of in the Nogales area goes to the weight of the evidence, and Plaintiff may cross examine Mr. Sanders regarding the justification for his choice in after sales as relevant comparisons.  *Id.* at 7-8.

## II. Plaintiff seeks to Exclude Defendants' Claim of Lost Profits

Plaintiff asks the Court to preclude Defendants from claiming lost profits as a consequence of the taking and from presenting expert opinions related to lost profits. Plaintiff is concerned over Defendant's expert Sanders' inclusion in his report of $150,000 in "lost rents," because "[i]n addition to the loss in value to the property because of a change in highest & best use, the property would have enjoyed rent from the U.S. Government for the property being taken." (Motion *in Limine* (Doc. 72), Ex. 3: Sanders Report at 5-6.)  The parties agree that lost profits are not compensable. (D's Objection) (Doc. 128) at 19.)  Likewise, the Defendant cannot [] rely on 'an element of value which the government has created.'" (R&R (Doc. 114) at 11 (quoting *United States v. Weyerhaeuser Co.,* 538 F.2d 1363, 1367 (9th Cir. 1976) (fair market value does not include value arising from government's activity)).  It does not help the Defendant that lease data may be used in the income capitalization approach to determining fair market value of a property because Mr. Sanders used the comparable sales approach to estimate the fair market value of the Landmark property. (Order (Doc. 103) at 9: CV 13-443 TUC DCB).  In the Objection, the Defendant argues the "lost rent" calculation is how Mr. Sanders establishes the value of the hilltop, which is the area being taken by the

-5-

Government. Defendant asserts the before highest and best use of the land is for use as a cell tower and as investment property until the property can be developed. The best and highest after use would be for cattle grazing. (Motion *in Limine* (Doc. 72), Ex. 3: Sanders Report at 3, 93.) This is a possible spin on the meaning of Mr. Sanders' "lost rent" evidence, but in his report he clearly misuses it to show: the present value of a lost income stream. *Id.* at 93. The Court agrees with Judge Marquez' decision to exclude evidence of lost rent. (Order (Doc. 103) at 8-9: CV 13-443 TUC DCB.)

**III. Plaintiff seeks to Exclude Non-Compensable Severance Damages**

Neither party disputes that, severance damages do not include "diminution in value of the remainder caused by the acquisition and use of adjoining lands of others for the same undertaking." *Campbell v. United States*, 266 U.S. 368, 372 (1924). The exception to the *Campbell* rule arises when three elements are met: "indispensability, substantiality, and inseparability." *United States v. Pope & Talbot, Inc.*, 293 F.2d 822, 823-24 (9th Cir. 1961). There are *Pope & Talbot* evidentiary hearings set in both proceedings involving takings for road and utility easements on adjacent properties: CV 13-441 TUC DCB and 13-480 TUC DCB. This case and CV 13-443 TUC DCB are subject to government takings for the construction of border-security towers, which includes the tower-site, related roads, and utility easements.

When Judge Marquez considered the Carmencita case, she reviewed Sanders' report and found the issue of severance damages "unresolved" and that it was "unclear whether Defendant is attempting to obtain severance damages due to diminution in value to the subject property caused by the taking of a tower-site easement on a neighboring property." (Order (Doc. 103) at 11: CV 13-443 TUC DCB.) It also appeared that Defendant is seeking compensation beyond the impacts of the border-security tower project—they seek severance damages "caused by the border-fence project and Border Patrol's general police power, including Border Patrol activities that are present in both the 'before' and 'after' conditions of the subject property." *Id.*

Since Judge Marquez' Order, it has been made clear that as to the tower-site cases, Landmark and Carmencita, Defendants seek only the latter: "Defendant is *not* seeking additional severance damages for takings that occurred outside of the property." (D's Objection (Doc. 128) at 4.) Defendant agrees with Judge Macdonald that here "the border tower security project is completely within the bounds of the property at issue." And as noted by Magistrate Judge Macdonald, the Defendant has pointed out that "there is no *Campbell* finding necessary." *Id.* (citing R&R (Doc. 114) at 12.) Therefore, there is no need for a *Pope & Talbot* hearing in respect to the Landmark and Carmencita cases.

This Court finds:

> Defendants are not entitled to severance damages based on impacts from Border Patrol activities equally affecting the subject property in both the "before" and "after" conditions. However, if they can prove to a reasonable probability that the takings at issue in this proceeding will cause an increase in Border Patrol police activities on the subject property—or that fear of such an increase would affect the price that a knowledgeable and prudent buyer would pay for the property—Defendants may be entitled to severance damages based on diminution in value caused by the increase (or fear thereof) in such activities. Accordingly, Defendants may present evidence relevant to the issue of whether the value of the property in the "after" condition is diminished due to a reasonable probability of an increase—or fear of an increase—in Border Patrol police activities caused by the easements at issue.

(Order (Doc. 103) at 11: CV 13-443 TUC DCB).

**IV. Plaintiff seeks to Exclude Impact Opinions by Defendants' Experts**

Plaintiff challenges Defendant's expert Mr. Peter Drake, and correspondingly Mr. Sanders' opinions as he has relied on Drake, in respect to the adverse impacts on the subject properties as being based on market evaluation because they are instead based on "speculation, assumption, and guesswork." Plaintiff asks the Court to preclude them as lacking reliability, pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). This Court agrees with both Judge Marquez and Magistrate Judge Macdonald that Plaintiff's criticism of Drake, Defendant's land use planner, regarding lack of

experience in the Nogales area and as having little understanding of the before conditions of the property, "goes to the weight, rather than the admissibility, of Drake's and Sanders' testimony."  (Order (Doc. 103) at 14), see also (R&R (Doc. 114) at 17-28.)

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 114) is ADOPTED IN PART AND REJECTED IN PART.

**IT IS FURTHER ORDERED** that the Motion to Modify in Part and Adopt in Part (Doc. 122) shall be treated as an Objection and, accordingly, DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion *in Limine* to Exclude After Sales and Listings (Doc. 71) is DENIED and individual listing evidence may not be presented to the jury , but Sanders may rely on this evidence to form his opinions.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion *in Limine* to Exclude Lost Profits (Doc. 72)  is GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion *in Limine* to Exclude Non-Compensable Severance Damages (Doc. 73) is DENIED, with the clarification that Defendant does not seek severance damages for takings that occurred outside of the property; may not seek severance damages based on impacts from Border Patrol activities equally affecting the subject property in both the "before" and "after" conditions, but may present evidence that the takings at issue in this proceeding will cause an increase in Border Patrol police activities on the subject property—or that fear of such an increase would affect the price that a knowledgeable and prudent buyer would pay for the property.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion *in Limine* to Exclude Impact Opinions of Defendant's Experts Drake and Sanders (Doc. 74) is DENIED.

**IT IS FURTHER ORDERED** that the Defendant's Motion *in Limine* to Exclude Testimony of Baker and Alternatively his Non-expert Survey and Paired Sale Analysis of Cell Towers (Doc. 75) is DENIED, pursuant to the R&R.

**IT IS FURTHER ORDERED** that the Defendant's Motion *in Limine* to Exclude

-8-

Any Evidence, Testimony or Argument Regarding Nominal Use (Doc. 76) is DENIED, pursuant to the R&R.

**IT IS FURTHER ORDERED** that the Defendant's Motion *in Limine* to Exclude any Evidence Testimony or Argument Regarding Title 8 U.S.C. § 1357 (Doc. 77) is DENIED, pursuant to the R&R.

**IT IS FURTHER ORDERED** that the motions to set hearings are GRANTED as follows: (Doc. 136): CV 13-198 TUC DCB; (Doc. 118): CV 13-441 TUC DCB; (Doc. 112): CV 13-443 TUC DCB, and (Doc. 92): CV 13-480 TUC DCB.

**IT IS FURTHER ORDERED** that the evidentiary hearing set for June 16, 2016 in CV 13-443 TUC DCB and CV 13-441 TUC DCB, and the evidentiary hearing set for May 9, 2016, and Pretrial Conference set for May 10, 2016, in CV 13-480 TUC DCB are VACATED.

**IT IS FURTHER ORDERED** setting a combined *Pope & Talbot* evidentiary hearing for CV 13-441 TUC DCB and CV 13-480 TUC DCB, which shall be held before the Honorable David C. Bury in Courtroom 6B, Sixth Floor, Evo A. DeConcini United States Courthouse, 405 W. Congress Street, Tucson, Arizona, on: Monday, May 24, 2016, at 1:30 pm.

**IT IS FURTHER ORDERED** that for purposes of the evidentiary hearing, by May 16, 2016, the parties shall file their lists of exhibits and witnesses, and trial briefs to set out the contested issues of law and fact necessary and material for the Court's determination of severance damages, pursuant to *Pope & Talbot.*

**IT IS FURTHER ORDERED** that the due date for filing the Pretrial Order in CV 13-480 TUC DCB is VACATED.  The Pretrial Orders shall be due in all the cases within 30 days after the Court rules regarding the question of severance damages, pursuant to *Pope & Talbot.*

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motions to add Kevin Hecht to Rule 26(a) disclosures are GRANTED as follows: (Doc. 114): CV 13-441 TUC

DCB; (Doc. 109): CV 13-443, and (Doc. 89): CV 13-480 TUC DCB.

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motions to strike Defendants' Supplemental Expert Reports and 9th Supplemental Disclosure is GRANTED, pursuant to LRCiv 7.2(c), and on the merits as untimely because discovery is closed, Sanders has been deposed, and this matter is ready for trial.

**IT IS FURTHER ORDERED** that Defendants' Supplements are STRICKEN by granting the motions, as follows: (Doc. 135): CV 13-198 TUC DCB; (Doc. 115): CV 13-441 TUC DCB; (Doc. 111): CV 13-443 TUC DCB, and (Doc. 90): CV 13-480 TUC DCB.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket this Order in all four cases.

Dated this 29th day of April, 2016.

David C. Bury
United States District Judge