**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    vs.<br><br>5.62 Acres of Land, More or Less, Situate in Santa Cruz County, State of Arizona; Landmark Title Assurance Agency of Arizona, an Arizona LLC Under Trust 18223-T; et al.,<br><br>                Defendants. | **4:13-CV-00198-TUC-DCB**<br><br>**AMENDED<br>STIPULATED FINAL JUDGMENT** |

Pursuant to this stipulation signed and jointly filed herein by the Plaintiff United States of America and Defendant Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T, IT IS HEREBY ORDERED granting the Joint Motion for entry of the Stipulated Judgment (Doc. 171) AND ADJUDGED THAT:

JUDGED THAT:

1. On March 25, 2013, the United States filed a Complaint in Condemnation and a Declaration of Taking against real property owned by Landmark Title Assurance Agency of Arizona, an Arizona LLC Under Trust 18223-T. Docs. 1, 4.

2. On March 25, 2013, the United States deposited into the Registry of the Court a check in the amount of Seven Thousand Six Hundred Fifty Dollars ($7,650.00).

Doc. 2-1. At that time, title to the property, to the extent set forth in the Declaration of Taking, vested in the United States by operation of law. 40 U.S.C. § 3114.

3. On November 14, 2013, pursuant to the parties' stipulated request, the Court ordered that the Clerk of the Court disburse the deposit to Defendant Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T. Doc. 29.

4. The full just compensation payable by the United States for the taking of the property interests identified in the Complaint in Condemnation and Declaration of Taking, the title to which has already vested in the United States, shall be the sum of One Hundred Forty Seven Thousand Six Hundred Fifty Dollars ($147,650), inclusive of interest and costs.

5. Judgment shall be and hereby is entered against the United States in the amount of One Hundred Forty Seven Thousand Six Hundred Fifty Dollars ($147,650), inclusive of interest and costs.

6. The said sum of One Hundred Forty Seven Thousand Six Hundred Fifty Dollars ($147,650) shall be just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said interests.

7. The said sum of One Hundred Forty Seven Thousand Six Hundred Fifty Dollars ($147,650) shall be subject to all liens, encumbrances, and charges of whatsoever nature existing against the Property at the time of vesting of title thereto in the United States, and all such liens, encumbrances, and charges of

whatsoever nature shall be payable and deductible from the said sum.

8. As the United States previously deposited $7,650.00 as estimated just compensation, the deficiency amount between the amount deposited and the stipulated just compensation of $147,650 is $140,000. Upon entry of this Stipulated Final Judgment, the United States shall pay into the registry of the Court the deficiency amount of $140,000.

9. Upon the Court's entry of this Stipulated Final Judgment and the United States' deposit of $140,000 into the registry of the Court, in accord with this stipulation of just compensation, the Clerk of the Court shall without further order immediately distribute such deposit to Defendant Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T, with check payable to:

> Stubbs & Schubart, P.C. in Trust for
> Landmark Title Assurance Agency of Arizona LLC, under Trust 18223-T
> 340 N. Main Ave
> Tucson, AZ 85701

10. In addition to the $147,650 judgment, the parties have entered into an Underground Utility Acknowledgment, which is attached to this Stipulated Final Judgment as Exhibit A.

11. Further, in addition to the $147,650 judgment, the parties have entered into a Conditions of Assignment pertaining to the construction of an alternative road, which is attached to this Stipulated Final Judgment as Exhibit B.

12. Defendant Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T, warrants that it was the sole owner of the subject property at the date of the taking, and that it has the exclusive right to the compensation

herein, excepting the interests of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

13. In the event that any other party is ultimately determined by a Court of competent jurisdiction to have any right to receive compensation for the property taken in this case, Defendant Landmark Title Assurance Agency of Arizona, an Arizona LLC under Trust 18223-T, shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of receipt of the deposit by Defendant to the date of repayment into the registry of the Court.  To the extent practicable, Defendant shall have notice of such claim prior to the entry of judgment on such claim.

14. Defendant shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the Property on the date of taking.

15. By stipulation, the signatory parties hereto will take no appeal from this Stipulated Judgment.

16. Parties shall be responsible for their own legal fees, costs, and expenses (including attorney's fees, consultant's fees, and any other expenses).

/////

/////

/////

17. The District Court shall retain jurisdiction to the extent needed to enforce this stipulated judgment.

Dated this 24th day of March, 2017.

                                                    Honorable David C. Bury
                                                    United States District Judge

# EXHIBIT A

**UNDERGROUND UTILITY ACKNOWLEDGMENT**

WHEREAS, the United States of America is the holder of Road Easements (the "Road Easements") the scope of which is set forth within Schedule E to those Complaints:

*United States of America v. 5.62 Acres (Landmark)*,
Cause No. CV-13-00198-TUC-DCB;
TUC-NOG-0410E-2;
*United States of America v. 2.83 Acres (Carmencita Ranch, L.L.C.)*,
Cause No. CV-13-443-TUC-DCB,
TUC-NOG-0417E-2;
*United States of America v. 0.96 Acres (Lucero / Martinez)*,
Cause No. CV-13-00441-TUC-DCB,
TUC-NOG-0413E;
*United States of America v. 0.41 Acres (Hanna)*,
Cause No. CV-13-00480-TUC-DCB,
TUC-NOG-0416E

Filed in the United States District Court, District of Arizona and;

WHEREAS, current and future owners and utility companies may require to cross beneath the Road Easements with utilities such as sewer, water, electric, and gas.

NOW THEREFORE, the United States of America acknowledges, under said Schedule "E," the underlying fee owner's right to pass future utilities beneath the surface of the Road Easements so long as such installation and operation of utilities does not impede Custom and Border Protection's use of the road or access to tower sites.

United States of America
By:  JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
KRISTIN R. MUENZEN
DANIEL W. KASTNER
Trial Attorneys
United States Department of Justice
Environment & Natural
Resources Division


*/s/ Kristin R. Muenzen*

Date: March 10, 2017

# EXHIBIT B

CONDITIONS OF ASSIGNMENT

WHEREAS, the United States of America is the holder of Road Easements (the "Road Easements") set forth within Schedules "C," "D" and "E" to those Complaints:

*United States of America v. 5.62 Acres (Landmark)*,
Cause No. CV-13-00198-TUC-DCB;
TUC-NOG-0410E-2;
*United States of America v. 2.83 Acres (Carmencita Ranch, L.L.C.)*,
Cause No. CV-13-443-TUC-DCB,
TUC-NOG-0417E-2;
*United States of America v. 0.96 Acres (Lucero / Martinez)*,
Cause No. CV-13-00441-TUC-DCB,
TUC-NOG-0413E;
*United States of America v. 0.41 Acres (Hanna)*,
Cause No. CV-13-00480-TUC-DCB,
TUC-NOG-0416E

Filed in the United States District Court, District of Arizona and;

WHEREAS, the Road Easements are assignable.

NOW THEREFORE, upon construction of Alternative Roads of equal or superior quality and utility to the Road Easements and a tender of a Grant of Easement ("Grant") over such Alternative Roads serving the same purposes as the Road Easements, and provided the United States of America is satisfied with and accepts such Alternative Roads and Grant, rendering the Road Easements, or portions thereof unneeded, then the United States of America shall, upon proper application and compliance with the law, assign or release the unneeded Road Easements, or portions thereof, to the underlying fee owner.

These Conditions of Assignment shall have no applicability to those perpetual tower site easements referenced in the Complaint.

United States of America
By: JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
KRISTIN R. MUENZEN
DANIEL W. KASTNER
Trial Attorneys
United States Department of Justice
Environment & Natural
Resources Division


*/s/ Kristin R. Muenzen*

Date: March 10, 2017